# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:09cv1690 AWI GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT LEAVE TO AMEND |
| v. | ) | |
| CITY OF LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Timothy S. Daubert, appearing pro se and proceeding in forma pauperis, filed the instant complaint on September 24, 2009.

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1 conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's Complaint

In his complaint, Plaintiff, a disabled veteran, alleges that Harvard Park in the City of Lindsay is not accessible to the handicapped.  Specifically, Plaintiff alleges that a rodeo was held at Harvard Park on September 20, 2009, and that he did not buy a ticket to the rodeo because he knew the park was not handicapped accessible.  Plaintiff notes that he filed a Request for a Temporary Restraining Order to prevent the rodeo from occurring but the request was denied by this court.  Plaintiff does not allege any law violations but merely requests that his complaint against the City of Lindsay be granted.  Plaintiff requests monetary damages in an amount that the court deems appropriate.

C.     Discussion

As a preliminary matter, the court notes that Plaintiff already has an ongoing case against the City of Lindsay in which he has set forth a cognizable claim that Harvard Park is not accessible to the handicapped.  Daubert v. City of Lindsay, 09-cv- 1270 AWI GSA.  Plaintiff filed a Motion for a Temporary Restraining Order in that case on September 11, 2009, requesting that the rodeo be cancelled.  This motion was denied on September 15, 2009.

In the instant complaint, Plaintiff does not make any specific factual allegations, nor does he cite to any violation of federal or state law.  He merely requests that this court grant him relief

because the park is not accessible to the handicapped, and as a result, he did not buy a ticket to the rodeo.

Plaintiff is advised that the complaint is insufficient because it fails to comply with Fed. R. Civ. P. 8(a)(2).  As previously noted, a complaint is not required to contain detailed factual allegations but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. at 1949 (2009).  Here, Plaintiff has not given any details outlining his claim but instead merely requests that the court grant his complaint without fully explaining what the complaint is, and failing to cite to any violation of law.  The Court would give normally give Plaintiff an opportunity to amend the complaint, however, Plaintiff already has a case pending against the City of Lindsay regarding the alleged failure of the City to make Harvard Park accessible to the handicapped. Therefore, the instant complaint is duplicative.  Accordingly, the Court recommends that this case be dismissed without leave to amend.

C.     Conclusion

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2009**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

3